FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 17, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ODELL KINARD, JR., <br><br> Movant, <br><br> -vs- <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Nos.  2:17-CR-0101-WFN-23 <br>       2:21-CV-0297-WFN <br><br> ORDER DENYING § 2255 MOTION |

Before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 1519. The motion is submitted by Mr. Kinard, who is appearing *pro se* in these proceedings.

## BACKGROUND

On July 11, 2017, a grand jury indicted Mr. Kinard for conspiracy to distribute 500 grams or more of cocaine and 500 grams or more of methamphetamine along with several codefendants. During pretrial phase of the case, the Court held an evidentiary hearing on Mr. Kinard's motion to suppress evidence found at a residence. The Court denied the motion. Later, the Court denied defendants' motion to suppress wiretaps. After a long discovery process, complicated by the number of defendants and the vast quantity of discovery, the Court addressed and denied Mr. Kinard's motion to dismiss which alleged speedy trial violations. Two months later, a jury trial was held, but after six hours of deliberation, the jury indicated that they had reached an impasse. The Court declared a mistrial due to the deadlock.  Two months after the mistrial, the Government filed a second superseding indictment charging Mr. Kinard with (1) conspiracy to distribute 500 grams or more of cocaine, (2) maintaining a drug involved premises, and ten counts of use of a communication facility in the commission of a drug felony. A jury found Mr. Kinard

ORDER ON § 2255 MOTION - 1

guilty on all counts. Mr. Kinard timely appealed the judgment, challenging the Court's denial of his motion to dismiss for speedy trial violations and motion to suppress wiretap evidence, and on July 9, 2020, the Ninth Circuit affirmed the Court's decision. A mandate was entered on September 21, 2020; judgment became final for purposes of collateral attack on March 17, 2021, when the Supreme Court denied Mr. Kinard's petition for certiorari.

## DISCUSSION

To gain relief, Mr. Kinard must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief is timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Kinard established the first two elements. To satisfy the third element, he argues that (1) this Court erred in failing to give the Buyer/ Seller jury instruction; (2) there was insufficient evidence to support the conspiracy conviction due to lack of evidence of an agreement; (3) there was insufficient evidence to support the jury's drug quantity finding; (4) there was insufficient evidence supporting his conviction for maintaining a drug involved premises; and in response to the Government's procedural default argument, (5) double jeopardy should have barred the Government from filing the second superseding indictment and proceeding to trial on those charges. The Court concurs with the Government that Mr. Kinard's alleged error charging failure to deliver the buyer / seller instruction is moot as the instruction was given to the jury. As for the remaining allegations of error, the Court concludes that Mr. Kinard's claims are barred from consideration due to procedural default.

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim . . . absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388, (2004). Claims not raised at the trial and on direct appeal may not be raised on collateral review unless Mr. Kinard shows both "cause excusing his procedural default and actual

prejudice resulting from the claim of error." *United States v. Johnson,* 988 F.2d 941, 945 (9th Cir 1993). Mr. Kinard must provide evidence that some objective external factor prevented defense counsel from addressing the complained of error at the time of the appeal to demonstrate cause. See *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, Mr. Kinard must show there is a reasonable probability that he would have succeeded on the merits of that appeal. See *Strickler v. Greene*, 527 U.S. 263, 289 (1999). Regarding the sufficiency of evidence complaints, to prove prejudice he must show that the evidence underlying the convictions was insufficient such that "after viewing the evidence in the light most favorable to the prosecution no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004) (internal citation omitted). The Supreme Court carved out an exception to procedural default if a defendant proves actual innocence. *Dretke,* at 388.

Procedural default applies to Mr. Kinard's claims because he failed to raise the issues argued in his § 2255 motion on appeal. The Court acknowledges that counsel raised the issue of sufficiency of evidence and double jeopardy at the trial level, but appellate counsel failed to raise the issues on direct appeal. See ECF No. 1109 and 1454. Mr. Kinard's direct appeal only addressed this Court's denial of his motion to suppress and motion to dismiss regarding speedy trial issues. *Id*.

Mr. Kinard fails to demonstrate cause. Mr. Kinard provided no evidence of an external factor that prevented appellate counsel from pursuing the issues raised in his § 2255 on appeal. He instead argues that because his complaints are constitutional that he should be excused from demonstrating cause. Whether or not his complaints are constitutional, he must demonstrate cause. See e.g., *Murray v. Carrier*, 477 U.S. 478. Failing to do so is fatal to his motion.

Mr. Kinard cannot meet the actual innocence exception to the cause requirement of procedural default. Actual innocence requires that Mr. Kinard demonstrate factual innocence. *Schlup v. Delo*, 513 U.S., 298, 324 (1995). To prove factual innocence a

ORDER ON § 2255 MOTION - 3

petitioner must establish that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536 (2006), citing *Schlup* at 344, *emphasis added*. Mr. Kinard provided no new evidence to demonstrate actual innocence.

Though the Court need not reach prejudice due to the failure to demonstrate cause, the Court notes that Mr. Kinard failed to demonstrate prejudice. The standard to prove prejudice for insufficient evidence is similar to the standard applied in Mr. Kinard's Rule 29 motion. See Fed. R. Crim. Pro. 29. The Court ruled in the Rule 29 motion that the Government provided sufficient evidence to allow a reasonable jury to find Defendant guilty. ECF No. 1109. As for Mr. Kinard's complaints regarding Double Jeopardy, the Court also previously ruled on the issue when raised at the trial level. *Id.* Mr. Kinard has provided no new evidence supporting a change to the Court's original rulings. Consequently Mr. Kinard's Motion Under 28 U.S.C. § 2255 to Vacates, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus, a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed October 14, 2021, **ECF No. 1519**, is **DENIED**.

ORDER ON § 2255 MOTION - 4

2. Movant's Motion to Compel, filed January 25, 2022, **ECF No. 1540**, is **DENIED AS MOOT**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- Issue a judgment in favor of the Government in the civil case and **CLOSE** the corresponding file, 2:21-CV-0297-WFN.

**DATED** this 17th day of May, 2022.

05-04-22

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE